**Lomel Antoine HAMILTON, Petitioner—Appellant,**

v.

**L.S. MCEWEN, Warden of Kern Valley State Prison, Respondent—Appellee.**

**No. 09–56814.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2012.

Filed Aug. 7, 2012.

Tracy Dressner, Esquire Attorney at Law, La Crescenta, CA, for Petitioner–Appellant.

Lance Winters, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

---

* Following the death of Judge Pamela Ann Rymer, Judge Harry Pregerson was drawn to replace Judge Rymer on the panel.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: KOZINSKI, Chief Judge, REINHARDT and WATFORD, Circuit Judges.

## MEMORANDUM *

Lomel Hamilton claims that officers violated his *Miranda* rights and that the state court therefore erred in admitting his confession at trial. *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Relying on *Oregon v. Bradshaw*, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983), and *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the state court of appeal concluded that Hamilton initiated the phone call during which he confessed out of a desire to have a generalized discussion about the investigation and that he knowingly and intelligently waived his previously invoked right to have counsel present during police interrogation. Neither of those determinations represents "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As a result, we are bound by the state court of appeal's finding of waiver.

Since Hamilton waived his right to counsel, the trial court didn't err in admitting his confession into evidence.

**AFFIRMED.**

* This disposition isn't appropriate for publication and isn't precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).